IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEBBIE LUTZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:22-CV-00837-E |
| MARIO SINACOLA & SONS EXCAVATING INC and MIKE GRIMM, | § § § § | |
| Defendants. | § § § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Mario Sinacola & Sons Excavating Inc. (MSSE) and Mike Grimm (collectively, Defendants)' Motion for Summary Judgment, which seeks dismissal of all claims Plaintiff Lutz asserted against each Defendant. (ECF No. 30). Further before the Court is Lutz's Cross-Motion for Partial Summary Judgment—which seeks summary judgment on her Family Medical Leave Act (FMLA) interference claim asserted against Defendants. (ECF No. 37). After considering the Parties' briefing, appendices, and applicable law, the Court GRANTS Defendants' Motion for Summary Judgment and DENIES Plaintiff's Cross-Motion for Partial Summary Judgment. The Court further DENIES Defendants' motion to strike evidence as moot. (ECF No. 42).

### I.  BACKGROUND

**A.  MSSE and Lutz**

MSSE is a construction company headquartered in Frisco, Texas. (ECF No. 32 at 62, 83). In August 2012, Lutz began work as an administrative assistant at MSSE. (*See* ECF No. 32 at 152-

159).[1] In summer 2014, MSSE transferred Lutz to work in the Frisco, Texas location as the administrative assistant to the Fuel, Oil, and Grease (FOG) Division. (ECF No. 32 at 20, 83, 115-16; ECF No. 38 at 4). This was a new position that MSSE created for Lutz. (ECF No. 32 at 20, 115-16). Jose Ambriz was the division manager for both the FOG division and tire division. (ECF No. 32 at 108, 114). Ambriz supervised Lutz. (ECF No. 32 at 114). Ambriz testified that Lutz's duties as administrative assistant involved:

> Process [purchase order]s, time sheets for the employees, fuel orders, a lot of the admin on the fuel, checking out paperwork from the drivers' fuel sheets, and filters, filter inventory—entering the filter in the system, not inventory, but entering the filters in the system.

(ECF No. 32 at 114). Lutz also updated hours information on equipment, printed and sorted oil reports, and made month-end reports. (ECF No. 32 at 20, 119). Before the creation of this position, prior employees Ambriz, Gregorio Gonzalez, Humberto Guzman, and Elizabeth Moreno shared these work duties. (ECF No. 32 at 112-117). Gonzalez and Guzman were foremen. (ECF No. 32 at 117). Moreno worked in the equipment division. (ECF No. 32 at 113).

### B. Lutz's FMLA Leave and Short-Term Disability

On January 23, 2020, Lutz emailed MSSE Human Resources Vice President Tony Phillips that she intended to take medical leave for at least six weeks in relation to a full hip replacement that was set to occur on February 6, 2020. (ECF No. 32 at 269). MSSE approved continuous leave for Lutz from February 6, 2020 to April 29, 2020 under FMLA. (ECF No. 32 at 27, 89). After her hip replacement on February 6, 2020, Cigna—MSSE's insurance carrier—approved short-term disability for Lutz from February 6, 2020 to March 18, 2020. (ECF No. 38 at 26-27). On March 18, 2020, Lutz informed MSSE employee April McIntyre that Lutz's doctor "extended [her] leave

---

[1] The Parties refer to Lutz as an "administrative assistant" or "office manager" interchangeably. (*See, e.g.*, ECF No. 32 at 64, 92).

until May 4, 2020"—to which McIntyre replied on March 19, 2020: "[p]lease contact Cigna regarding extending your short term disability." (ECF No. 32 at 185).

### C. MSSE's Reduction-in-Force

Between April 3, 2020 and May 1, 2020, MSSE discharged twenty-seven employees as a part of a reduction-in-force in response to a decline in business due to COVID-19. (ECF No. 32 at 128, 166, 207). Vice President of Fleet and Asset Management Mike Grimm asked Ambriz—along with other managers—if there were any positions that could possibly be eliminated from their respective divisions. (ECF No. 32 at 127, 129). Ambriz testified that Lutz's position as administrative assistant to the FOG Division was "never needed," so Ambriz recommended discharge for Lutz as a part of the reduction-in-force to Grimm. (ECF No. 32 at 116-17, 119). On April 14, 2020, Grimm called Lutz to inform her that MSSE was eliminating her job—thereby discharging her from work. (ECF No. 32 at 131-32).

### D. Procedural History

On April 13, 2022, Lutz filed her complaint, which asserts claims against MSSE and Grimm for discrimination and interference based on FMLA. (ECF No. 1 at 5-6). Lutz asserts claims of disability discrimination and retaliation based on the Americans with Disabilities Act (ADA) against MSSE. (ECF No. 1 at 6-7). Defendants have moved for summary judgment on all of these claims. (ECF No. 30 at 2) ("Defendants request an Order granting summary judgment in their favor on all Counts included in Plaintiff's Complaint"). Lutz has moved for summary judgment on her FMLA interference claim. The Parties have filed respective responses, appendices, and replies. Having been fully briefed and for the reasons enumerated hereunder, the Court GRANTS Defendants' Motion for Summary Judgment and DENIES Lutz's Motion for Summary Judgment.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Reeves*, 530 U.S. at 150; *Anderson*, 477 U.S. at 254-55. Moreover, the evidence the non-movant provides must raise "more than . . . some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The evidence must be such that a jury could reasonably find in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When, as here, a nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative

defense. *Celotex*, 477 U.S. at 322–25. There is "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Celotex*, 477 U.S. at 324. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party . . . only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

"A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing Anderson, 477 U.S. at 255–57). The Fifth Circuit has explained:

> The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. . . . "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

*Ragas*, 136 F.3d at 458. Regarding assertions of fact, Federal Rule of Civil Procedure 56 states:

> [i]f a party fails ... to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Fed. R. Civ. P. 56(e)(2)-(3).

### III. ANALYTICAL FRAMEWORKS

Because Lutz's claims allege discrimination, retaliation, or FMLA interference, the Court provides the following burden-shifting framework analyses, which are common to these claims. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("To succeed on a claim of intentional discrimination under Title VII, Section 1983, or Section 1981, a plaintiff must first prove a prima facie case of discrimination.") (collecting cases); *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (addressing ADA discrimination claim under burden-shifting framework); *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 520 (5th Cir. 2021) ("Because the Texas statute parallels the ADA, we treat such claims similarly."); *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 583 (5th Cir. 2006) (addressing FMLA retaliation under burden-shifting framework).

#### A. Employment Discrimination

"A plaintiff can prove a claim of intentional discrimination by either direct or circumstantial evidence." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *see, e.g.*, *Gaalla v. Brown*, 460 F. App'x 469, 479 (5th Cir. 2012) (addressing racial discrimination). Regarding direct evidence, the Fifth Circuit has explained:

> Direct evidence [of discriminatory intent] is evidence which, if believed, proves the fact without inference or presumption.... It includes any statement or document which shows on its face that an improper criterion served as a basis—not necessarily the sole basis, but a basis—for the adverse employment action.

*Gaalla*, 460 F. App'x at 479 (internal quotations omitted). "Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence is assembled using the framework set forth in the seminal case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Russell*, 235 F.3d at 222. Circumstantial evidence includes

statements that merely suggest discriminatory motive or require the fact finder to draw an inference as to whether the comment is probative of an employer's discriminatory animus. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896-98 (5th Cir. 2002), *cert. denied*, 539 U.S. 926 (2003). The Fifth Circuit has explained the three-step *McDonnell Douglas* framework as follows:

> Under that framework, [a plaintiff] must make out a prima facie case of discrimination. *Watkins v. Tregre*, 997 F.3d 275, 281 (5th Cir. 2021). If she succeeds, [a defending employer] must respond with a "legitimate, nondiscriminatory reason" for terminating [the plaintiff]. *Id.* at 282. Then the burden shifts back to [the plaintiff], who must counter with substantial evidence that [the defending employer's] proffered reason is pretextual. *Id.*

*Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 825 (5th Cir. 2022). The second step of the *McDonnell Douglas* framework requires an employer's *production* of a legitimate, nondiscriminatory reason for terminating a plaintiff, but this second step "can involve no credibility assessment." *Reeves*, 530 U.S. 133, 142 (citing *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993)).[2] Regarding the third step of the *McDonnell Douglas* framework, "the plaintiff can rely on evidence that the employer's reasons were a pretext for unlawful discrimination." *Russell*, 235 F.3d at 222 (citing *McDonnell Douglas*, 411 U.S. at 804).

### B. Employment Retaliation

"A plaintiff may prove a retaliation claim through direct or circumstantial evidence." *Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006). "Without direct evidence, the plaintiff must establish his cause of action using circumstantial evidence and the *McDonnell Douglas* burden-shifting framework," discussed above. *Jones*, 212 F. App'x at 275. "If the plaintiff establishes a prima facie case, then the defendant must show a non-retaliatory, legitimate reason

---

[2] Although intermediate evidentiary burdens shift back and forth under this framework, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000) (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)).

for the adverse action." Again, this second step of the *McDonnell Douglas* framework requires an employer to produce evidence of a non-retaliatory, legitimate reason for the adverse action—but requires no burden of persuasion. *See Jones*, 212 F. App'x at 275; *Gee v. Principi*, 289 F.3d 342, 348 (5th Cir. 2002) ("We agree that [t]he ultimate burden of persuading the trier of fact that the defendant [retaliated] against the plaintiff remains at all times with the plaintiff.") (internal quotation omitted). "Once the defendant meets this burden, the plaintiff must in turn offer evidence to create a genuine issue of material fact that the defendant's reason is not true, but is instead a pretext for discrimination." *Jones*, 212 F. App'x at 275; *see*, *e.g.*, *Gee*, 289 F.3d at 345 (discussing the same).

### C. FMLA Interference

To establish a prima facie case of interference under the FMLA, the Fifth Circuit has explained a plaintiff must show:

> **(1)** he was an eligible employee; **(2)** his employer was subject to FMLA requirements; **(3)** he was entitled to leave; **(4)** he gave proper notice of his intention to take FMLA leave; and **(5)** his employer denied him the benefits to which he was entitled under the FMLA.

*Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017) (emphasis added in bold). Once the plaintiff states a prima facie claim, it is the employer's burden on summary judgment to articulate "a legitimate non-discriminatory reason for the employment action at issue," which then may be rebutted if "the plaintiff raise[s] an issue of material fact that the employer's proffered reason was pretextual." *Caldwell*, 850 F.3d at 245; *see, e.g.*, *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021) (discussing the same on an FMLA job reinstatement interference claim).[3]

---

[3] *See also Tatum v. S. Co. Services, Inc.*, 930 F.3d 709, 713 (5th Cir. 2019) ("Once an employee propounds a *prima facie* case of interference or retaliation, []the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action.[]") (internal quotation omitted).

## IV. ANALYSIS

As briefed, Defendants largely challenge the pretext element as to all of Lutz's claims. It is undisputed that the pretext step applies to all of Lutz's claims. (*See* ECF Nos. 31, 39, 43, 46, 51); *see Miller v. Metrocare Services*, 809 F.3d 827, 832 (5th Cir. 2016) (explaining that neither the Fair Labor Standards Act, FMLA, nor ADA "will give rise to any relief where the employer has terminated the employee for valid reasons unrelated to any alleged discriminatory or unlawful motive."). Thus, for the purpose of this opinion, the Court assumes without deciding that Lutz has met her prima facie showing as to all of her claims. The Court next addresses pretext.

### A. Pretext

Defendants have produced evidence of a legitimate, non-discriminatory, non-retaliatory, and non-interfering reason for terminating Lutz's employment: MSSE's reduction-in-force due to decline in business resulting from COVID-19. *Owens*, 33 F.4th at 835 (discussing pretext in the discrimination context); *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454-55 (5th Cir. 2013) (discussing pretext in the retaliation context); *Tatum v. S. Co. Services, Inc.*, 930 F.3d 709, 714 (5th Cir. 2019) (discussing pretext in FMLA interference context); *LHC Group, Inc.*, 773 F.3d at 702 (discussing pretext on claims asserted under ADA); *see E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) (discussing a reduction-in-force as a "legitimate, nondiscriminatory reason for discharge"). Next, under the third step of the *McDonnel Douglas* framework and FMLA interference framework, Lutz must counter this evidence of MSSE's reduction-in-force with "substantial evidence" for the termination as pretextual. *See Owens*, 33 F.4th at 825 (discussing that pretextual analysis requires employee to counter "with substantial evidence" that the employer's proffered reason is pretextual); *see also Vaughn v. Woodforest Bank*, 665 F.3d 632, 637 (5th Cir. 2011) (discussing methods of proving pretext as to

claim(s) of discrimination). For pretext in the discrimination context, the Fifth Circuit has explained:

> The plaintiff must rebut each nondiscriminatory reason articulated by the employer. *Wallace*, 271 F.3d at 220. A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." *Id.*; *Reeves*, 530 U.S. at 143, 120 S.Ct. at 2106. An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002).

*Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (addressing discrimination claims under Title VII and the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978). "Disparate treatment occurs where an employer treats one employee more harshly than other 'similarly situated' employees for 'nearly identical' conduct." *Vaughn*, 665 F.3d at 637. For pretext in the retaliation context, the Fifth Circuit has explained: "[a]n employee establishes pretext by showing that the adverse action would not have occurred "but for" the employer's retaliatory reason for the action." *Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 336 (5th Cir. 2014) (citing *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477, 479–80 (Tex. 2001)).

Regarding pretext, both Lutz and Defendants blend their respective briefing on Lutz's claims into single, combined pretext arguments. Defendants assert Lutz cannot produce evidence sufficient to raise a genuine issue of material fact concerning pretext. (ECF No. 31 at 18-22, 25) ("Plaintiff cannot establish any evidence of pretext, other than mere speculation and conclusory assumptions, under the FMLA [or the] ADA[]"). In response, Lutz directs the Court to her affidavit, corresponding documents, and Ambriz's deposition testimony—generally discussing, *inter alia*, that (i) Lutz was a good employee; (ii) Ambriz previously indicated MSSE did not want to lose Lutz; (iii) Lutz received a bonus check in 2019; (iv) Lutz was not previously written up for poor

performance; (v) when Lutz asked about whether Lutz did anything wrong, Ambriz responded "no;" (vi) neither Lutz's performance nor compensation were considered in Lutz's discharge; and (vii) after Lutz's discharge, other prior workers shared her work duties. (*See* ECF No. 39 at 25-28). However, significant portions of Lutz's appendix are not competent summary judgment evidence. *Douglass*, 79 F.3d at 1429. Second, even if the Court were to assume such evidence as competent, none of the evidence rebuts the reduction-in-force reason for Lutz's discharge. "Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext." *LeMaire v. Louisiana Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007).

Although Lutz asserts the evidence regarding pretext is "obviously highly suspect," (ECF No. 39 at 25), Lutz offers neither briefing nor corresponding citation to competent summary judgment evidence of disparate treatment or that MSSE's reduction-in-force explanation for her discharge is false or unworthy of credence. *See Laxton*, 333 F.3d at 578. Lutz offers no evidence or briefing that MSSE treated Lutz more harshly than other similarly situated employees for nearly identical conduct. To the contrary, the record suggests there were no other similarly situated employees at MSSE within the FOG division. (*See* ECF No. 32 at 20). Furthermore, Lutz offers no evidence or briefing that her discharge would not have occurred "but for" any retaliatory reason from MSSE. *See Hague*, 560 F. App'x at 336. No evidence in the record shows that Lutz's activities in requesting FMLA, receiving and taking FMLA leave, her requests under the ADA relating to short-term disability, or her corresponding approval for short-term disability had any relation to her discharge. Instead, the record shows that—were it not for Ambriz's recommendation that Lutz be discharged as a part of the reduction-in-force—MSSE would not have discharged Lutz. (ECF No. 32 at 127).[4] There is no evidence of inconsistent explanations for her discharge.

---

[4] Grimm testified as to his discussion with Ambriz on MSSE's reduction-in-force:

In her arguments on pretext, Lutz avers that her job was fractioned like the plaintiff's job in *Spears v. Louisiana Coll.*, No. 20-30522, 2023 WL 2810057, at *4 (5th Cir. Apr. 6, 2023). However, such a fractioning argument is inapposite as this "fractioning" argument in *Spears* relates to the prima facie burden—which the Court has assumed, above. Lutz fails to brief or direct the Court to evidence of how such "fractioning"—assuming it had occurred—was pretextual in the context of a reduction-in-force. *Spears* is further inapposite as new employees took over that plaintiff's job duties; here, only prior employees took over Lutz's duties. *See Spears*, 2023 WL 2810057, at *2.

Lutz appears to argue MSSE's discharge was pretextual because she was comparatively more qualified than the retained employees. Regarding comparative qualifications in the pretext context, the Fifth Circuit has explained:

> A plaintiff can demonstrate pretext through evidence that she was **"'clearly better qualified' (as opposed to merely better or as qualified)" than the chosen employee**. *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1444 (5th Cir. 1995); *accord Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 412 (5th Cir. 2007). To meet her burden to show that she was clearly better qualified, **the plaintiff "must present evidence from which a jury could conclude that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question**.'" *Moss*, 610 F.3d at 923 (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)).

*Roberson-King v. Louisiana Workforce Comm'n, Off. of Workforce Dev.*, 904 F.3d 377, 381 (5th Cir. 2018) (emphasis added in bold).[5] "Showing that two candidates are similarly qualified does not establish pretext under this standard." *Price v. Fed. Express Corp.*, 283 F.3d 715, 723 (5th Cir.

---

[Question]: If Mr. Ambriz had come to you and said, "I don't have anyone that needs to be let go"—
[Grimm]: Then no one would have been recommended.

(ECF No. 32 at 127).

[5] "The bar, however, is set high for this kind of evidence." *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 459 (5th Cir. 2019) (emphasis added) (quoting *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922–3 (5th Cir. 2010)).

2002). And, "[e]mployers are generally free to weigh the qualifications of prospective employees, so long as they are not motivated by [discriminatory animus]." *Martinez v. Tex. Workforce Comm'n-Civil Rights Div.*, 775 F.3d 685, 688 (5th Cir. 2014).

To the extent Lutz argues she was better qualified than the retained co-workers—(i) Lutz directs the Court to no evidence regarding her qualifications; (ii) upon review of the record, there is no evidence regarding the qualifications for the workers who shared Lutz's duties—Gonzalez, Guzman, Ambriz, and Moreno; and (iii) Lutz directs the Court to no competent evidence that she was more qualified than any retained employee. (*See* ECF No. 39 at 28). Lutz has directed the Court to no evidence to meet the "high bar" under this pretext standard. *See Roberson-King*, 904 F.3d at 381; *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 459 (5th Cir. 2019) (discussing the same as to comparative qualifications). Lutz has not met her burden to show she was clearly more qualified than the retained employees. *See, e.g.*, *Martinez*, 775 F.3d at 688 (holding that plaintiff had not shown he was clearly more qualified where he had more supervisory guidance, higher-level experience, more years in role, and more education); *Price*, 283 F.3d at 723 (determining that plaintiff had not shown he was clearly better qualified where plaintiff had college degree, greater management experience, and other qualifications).

Regarding pretext in the FMLA interference context, Lutz relies on the same arguments and references that the Court rejected above. (*See* ECF No. 39 at 25-28). Lutz has neither identified nor submit evidence—which (i) supports a reasonable inference or (ii) raises factual disputes material to a finding—that MSSE's reduction-in-force reason for her discharge was pretextual.[6]

---

[6] Lutz argues Defendants have not pled an affirmative defense as to her claim of FMLA interference. (ECF No. 39 at 6, 17, 20-21, 23). Lutz appears to conflate her pretext burden under the third step of the burden-shifting framework with an affirmative defense. Lutz neither refers the Court to any mandatory precedent that would require Defendants to plead a corresponding affirmative defense, and the Court has found none. The Court therefore pretermits further discussion of the same.

Otherwise, no Party briefed a mixed-motives approach to the pretext analysis of any of Lutz's claims, so the Court pretermits such discussion.[7] In the FMLA interference context, Lutz has failed to meet her burden to counter with "substantial evidence" that MSSE's reason for her discharge—reduction-in-force—was pretextual. *See Owens*, 33 F.4th at 825.

The record contains no evidence that rebuts or shows a genuine issue of material fact about MSSE's reduction-in-force reason for discharging Lutz as pretextual. *See Laxton*, 333 F.3d at 578; Fed. R. Civ. P. 56(a). Thus, in determining pretext on her discrimination, retaliation, and interference claims, Lutz has failed to counter MSSE's evidence of reduction-in-force with "substantial evidence" for the termination as pretextual. *See Owens*, 33 F.4th at 825; *see also Vaughn*, 665 F.3d at 637. Lutz has not met her burden under the third, pretext step of the respective framework(s) for her claims under the FMLA and ADA. *See Miller*, 809 F.3d at 832. Thus, the Court GRANTS Defendants' Motion for Summary Judgment as to Lutz's claims asserted under the FMLA and ADA. The Court DENIES Lutz's Motion for Summary Judgment as to her FMLA interference claim.

### V. MOTIONS TO STRIKE, LEGAL STANDARD, AND BRIEFING CONCERNS

Defendants have objected to and moved to strike several portions of Lutz's summary judgment appendix, (ECF No. 42), and Lutz has responded, (ECF No. 50). As one court in the Northern District has discussed in the context of a motion to strike summary judgment evidence:

> Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir.1996).

---

[7] Even if the Court were to entertain such analysis, the Court would reach the same result—that MSSE's reduction-in-force reason for discharging Lutz was not pretextual.

> Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). . . . . "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548.

*Appel v. Inspire Pharms., Inc.*, 712 F. Supp. 2d 538, 542 (N.D. Tex. 2010), *aff'd,* 428 F. App'x 279 (5th Cir. 2011). As another court in the Northern District has discussed in determining summary judgment:

> The court in deciding [movant's] motion will not take into account summary judgment evidence that [movant] has not cited in the manner required—that is, to each page of the appendix that supports each assertion that the party makes concerning the evidence. "Otherwise, [Rule 56.5(c)] would not mean what [it] say[s]." *See Andrews v. CompUSA, Inc.,* 2002 WL 265089, at *3 (N.D.Tex. Feb.21, 2002)( Fitzwater, J.). The court will not undertake a search of the appendix for evidence that would be sufficient to grant summary judgment in [movant's] favor.
>
> The court is not required to "comb the record" in search of summary judgment evidence. *See Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 463 (5th Cir.1996) (citing *Jones v. Sheehan, Young & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir.1996)). "Nor will the court overlook Rule 56.5(c), a valuable tool for busy trial courts that requires a party to place an issue clearly in focus by citing in its brief *each* page of the appendix that supports *each* assertion that it makes concerning the summary judgment evidence." *Andrews,* 2002 WL 265089 at *3.

*Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, No. CIV.A. 398CV2996D, 2002 WL 1751381, at *9 (N.D. Tex. Apr. 4, 2002). This Court agrees with the *Appel* and *Aspex Eyewear, Inc.* courts' reasoning and applies the same standards to the Parties in this case. *See Appel*, 712 F. Supp. 2d at 542; *Aspex Eyewear*, 2002 WL 1751381, at *9. The Court has not considered any evidence that did not meet these standards. In other words, evidence that did not fall within these standards was not considered and played no role in this decision.

Thus, the Court denies Defendants' motion to strike. As the Court has considered all of the competent summary judgment evidence before it—without striking any evidence—there is no evidence that shows MSSE's discharge of Lutz as a part of a reduction-in-force as pretextual. *See generally Owens*, 33 F.4th at 825. That is, even without striking evidence, nothing in the record creates a fact dispute that would preclude MSSE's Motion for Summary Judgment. The Court DENIES Defendants' motion to strike summary judgment evidence as moot.

However, Defendants' motion to strike raises serious concerns regarding Lutz's briefing and citations to the record, which the Court likewise shares. Federal Rule of Civil Procedure 56, *Ragas*, and the Northern District of Texas's Local Rules require Parties to support assertions in the briefing with precise citations to the summary judgment evidence. Fed. R. Civ. P. 56(c)(1)(A-B); *Ragas*, 136 F.3d at 458; N.D. Tex. Civ. Loc. R. 56.5(c). The Court notes that several of the assertions in Lutz's briefing are unsupported by the record. Furthermore, significant assertions of fact in Lutz's briefing contain no corresponding citation to the record. (*See, e.g.*, ECF No. 39 at 6-16). In other words, Lutz has failed to "identify specific evidence in the record and to articulate the precise manner in which that evidence supports [ ] her claim." *Ragas*, 136 F.3d at 458. Although Lutz discusses some of her citations to the record in her response to Defendants' motion to strike, (ECF No. 50), Lutz concedes that she did not identify specific evidence to articulate the precise manner in which that evidence supports her claims—instead choosing to "summarize" evidence. (*See* ECF No. 50 at 5-8). Lutz's response also fails to make citations to the record. (ECF No. 50 at 5-8).

## VI.   CONCLUSION

For the reasons enumerated hereabove, the Court GRANTS summary judgment in favor of Defendants on Lutz's FMLA and ADA claims. (ECF No. 30). The Court DENIES Lutz's Motion

for Summary Judgment as to her FMLA interference claim. (ECF No. 39). The Court dismisses Lutz's FMLA and ADA claims. Lutz has no further claims remaining. The Court DENIES Defendants' motion to strike summary judgment evidence as moot. (ECF No. 42). The Court shall follow this opinion with a final judgment.

**SO ORDERED.**

16th day of February, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE